UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>c/o United States Attorney's Office<br>Judiciary Center Building<br>555 4th Street, N.W.<br>Washington, DC 20530,<br><br>    Plaintiff,<br><br>    v.<br><br>$20,000.00 IN UNITED STATES CURRENCY,<br>seized from safe deposit box number 71 at<br>Wachovia Bank branch number 00223,<br>Fort Lincoln Financial Center,<br>Washington, D.C., on November 16, 2007,<br><br>    Defendant. | :<br>:<br>:<br>:<br>:  Civil Action No.<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>: |

**VERIFIED COMPLAINT FOR FORFEITURE *IN REM***

*COMES NOW*, plaintiff United States of America, by and through its attorney, the United States Attorney for the District of Columbia, to bring this verified complaint for forfeiture in a civil action *in rem* against the defendant property, which is a quantity of U.S. currency seized from a safe deposit box at a bank in Washington, D.C., on November 16, 2007. In support of this cause, plaintiff states as follows:

**NATURE OF THE ACTION AND DEFENDANT *IN REM***

1.  This is a civil action *in rem* for the forfeiture of the defendant property to the use and benefit of the plaintiff, the United States. Pursuant to 21 U.S.C. § 881(a)(6), property is subject to forfeiture to the United States if it is "moneys, negotiable instruments, securities, or other things of value furnished or intended to be furnished by any person in exchange for a controlled substance, . . . proceeds traceable to such an exchange, and all moneys, negotiable instruments, and securities

used or intended to be used to facilitate" any violation of Title II of Pub.L. 91-513, commonly called the Controlled Substances Act, as amended, codified at 21 U.S.C. § 801, *et seq.*

2.	The defendant property is a quantity of U.S. currency, $20,000 in cash, which U.S. government law enforcement agents found in a safe deposit box when executing a search warrant on November 16, 2007. After finding the defendant property, the agents seized it. The defendant property more fully is described as:

> **$20,000 in United States currency, which was found on November 16, 2007, during the execution of a warrant to search safe deposit box number 71 at Wachovia Bank, branch number 00223, Fort Lincoln Financial Center, 2119 Bladensburg Road, N.E., Washington, D.C.**

The defendant property is in the custody of an agency of the U.S. government in Washington, D.C. After being seized, the defendant property was deposited into an account maintained by the U.S. Marshals Service (USMS).

## JURISDICTION AND VENUE

3.	This Court has original jurisdiction of this civil action by virtue of 28 U.S.C. § 1345, because it has been commenced by the United States, and by virtue of 28 U.S.C. § 1355(a), because it is an action for the recovery and enforcement of a forfeiture under an Act of Congress. Venue is proper in this District by virtue of 28 U.S.C. § 1355(b)(1), because this is a forfeiture action or proceeding brought in the district court for the district in which any of the acts or omissions giving rise to the forfeiture occurred, and by virtue of 28 U.S.C. § 1395, because a civil proceeding for the forfeiture of property may be prosecuted in the district in which the property is found. The defendant property is now, and during the pendency of this action will be, in the jurisdiction of this Court.

4.	This civil action *in rem* for forfeiture is governed by 21 U.S.C. § 881, 18 U.S.C. §

983, the Federal Rules of Civil Procedure, and the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions, particularly Rule G.

## STATEMENT OF FACTS

5.  OxyContin is the brand name of a medicine, which contains oxycodone, a controlled substance listed under Schedule II of the Controlled Substances Act. Oxycodone is an opiate used as an analgesic or pain-killer. OxyContin pills are made in varying strengths, based upon the amount of oxycodone in them, including 20-milligram, 40-milligram, and 80-milligram doses.

6.  In the metropolitan area of Washington, D.C., there is a large illicit market for the unlawful sales of OxyContin pills and other medicines containing oxycodone.

7.  Beginning in December 2005 through July 2007, Gaines M. Moon engaged in an unlawful conspiracy to distribute and possess with intent to distribute controlled substances in the District of Columbia and elsewhere, in violation of 21 U.S.C. § 846, a part of the Controlled Substances Act. During this conspiracy, Mr. Moon many times sold unlawfully OxyContin pills, as well as "crack" cocaine base and cocaine powder, for which he received in exchange money in the District of Columbia and elsewhere, in violation of 21 U.S.C. § 841(a)(1), a part of the Controlled Substances Act.

8.  Upon information and belief, during the time of the conspiracy, Mr. Moon had no lawful employment and spent much of his time arranging illegal drug transactions in the District of Columbia and elsewhere.

9.  Upon information and belief, during the time of the conspiracy, Mr. Moon derived no significant income other than from the proceeds of this conspiracy.

10. During the time of the conspiracy, Mr. Moon was a resident of the District of

Columbia.

11. Between July 2006 and July 2007, Mr. Moon unlawfully sold ten or more 80-milligram OxyContin pills to a specific person about once each week and received in exchange $50 or more for each pill. By mid-June 2007, this person owed Mr. Moon about $19,000 for OxyContin pills. This person paid cash and wrote at least 15 personal checks to Mr. Moon in exchange for Mr. Moon unlawfully selling him OxyContin pills.

12. In 2007, Mr. Moon deposited most of this cash and these checks into one or more accounts of his at the Wachovia Bank in Washington, D.C.

13. During this same time, Mr. Moon also unlawfully sold cocaine hydrochloride and cocaine base, also known as "crack," to this same specific person. Between January and July 2007, more than ten times, Mr. Moon sold amounts of cocaine weighing about one eight of an ounce, each time receiving in exchange at least $150 for each amount.

14. From December 2005 through about April 2006, Mr. Moon unlawfully sold OxyContin pills to a second specific person weekly and received in exchange $50 or more for each pill. Between April and November 2006, Mr. Moon unlawfully sold OxyContin pills to this same person several times each week.

15. During 2006 and other times, Mr. Moon unlawfully sold OxyContin pills to a third specific person. In the year 2006, this third person paid $80,000 to Mr. Moon in exchange for Mr. Moon unlawfully selling him OxyContin pills.

16. During 2006, Mr. Moon regularly distributed unlawfully more than about 450 Oxycontin pills for resale each month to one or more other persons with whom Mr. Moon conspired to distribute controlled substances unlawfully.

17.    In the course of the conspiracy, Mr. Moon said that he had the ability to obtain more than 225 OxyContin pills every two weeks.

18.    Mr. Moon made large cash transactions in his Wachovia bank accounts in 2007.

19.    On or about May 7, 2007, withdrew about $11,000 in cash from one of his accounts at Wachovia Bank.

20.    On or about May 29, 2007, Mr. Moon deposited about $12,000 in cash into one of his accounts at Wachovia Bank.

21.    On or about June 1, 2007, Mr. Moon deposited $4,000.47 in cash into one of his accounts at Wachovia Bank, and he had a balance of $24,692.64 as a result.

22.    On or about June 13, 2007, Mr. Moon leased from Wachovia Bank a safe deposit box, which had an account number ending in 71.

23.    On or about June 13, 2007, the same day that he leased the safe deposit box, Mr. Moon withdrew about $20,000 in cash from one his accounts at Wachovia Bank.

24.    Mr. Moon died on or about November 6, 2007, in Washington, D.C.

25.    On November 16, 2007, special agents of the Federal Bureau of Investigation (FBI) executed a warrant to search safe deposit box number 71 located at Wachovia Bank branch number 00223 at the Fort Lincoln Financial Center at 2119 Bladensburg Road, N.E., Washington, D.C. A U.S. Magistrate Judge of the U.S. District Court for the District of Columbia issued the warrant.

26.    At the time of execution of the search warrant on November 16, 2007, this safe deposit box was registered in the name of Gaines M. Moon.

27.    When executing the search warrant for Mr. Moon's safe deposit box on November 16, 2007, FBI agents found inside it the defendant property, $20,000.00 in U.S. currency.

28. Additionally, on November 16, 2007, FBI agents also found inside Mr. Moon's same safe deposit box the following items:

> (A) Two sealed white-colored containers, each of which had in it 100 OxyContin tablets containing the controlled substance oxycodone; these were 80-milligram tablets; if individually sold unlawfully, each tablet had a value of $50 or more, so all 200 pills had a value of $10,000 or more;
>
> (B) One amber-colored container, which had in it 40 OxyContin tablets containing the controlled substance oxycodone; these were 80-milligram tablets; if individually sold unlawfully, each tablet had a value of $50 or more, so all 40 pills had a value of $2,000 or more;
>
> (C) One sealed white-colored container, which had in it 100 OxyContin tablets containing the controlled substance oxycodone; these were 40-milligram tablets; if individually sold unlawfully, each tablet had a value of $25 or more, so all 100 pills had a value of $2,500 or more; and,
>
> (D) One sealed white-colored container, which had in it 100 OxyContin tablets containing the controlled substance oxycodone; these were 20-milligram tablets; if individually sold unlawfully, each tablet had a value of $10 or more, so all 100 pills had a value of $1,000 or more.

29. Each of the five containers of OxyContin tablets had a label on it indicating that it had been prescribed to a person other than Mr. Moon.

30. After the defendant property had been seized, the FBI began procedures to forfeit the defendant property to the U.S. government by an administrative, (non-judicial) process, and the FBI gave notice of this to Mr. Moon's sister, Ms. Alethea J. Moon. Ms. Moon is the personal representative of the Estate of Gaines M. Moon.

31. On or about February 12, 2008, the FBI received from Ms. Moon on behalf of the Estate of Gaines M. Moon, a written claim of ownership of the defendant property.

32. After receiving this claim to the defendant property, the FBI halted the administrative forfeiture process and referred the matter for forfeiture through the judicial process.

## COUNT ONE

1. The factual statements made in paragraphs 1 through 32 are re-alleged and incorporated by reference herein.

2. The defendant property is moneys, negotiable instruments, securities, or other things of value furnished or intended to be furnished by a person in exchange for a controlled substance, proceeds traceable to such an exchange, or moneys, negotiable instruments, or securities used or intended to be used to facilitate a violation of 21 U.S.C. § 801, *et seq.*

3. As such, the defendant property is subject to forfeiture to the United States.

*WHEREFORE*, the plaintiff prays that, as to the above-referenced defendant property, due process and a warrant of arrest *in rem* issue according to law; that, pursuant to law, notice be provided to all interested parties to appear and show cause why the forfeiture should not be decreed and the defendant property be condemned as forfeited to the United States of America; and for such

other and further relief as this Court may deem just, necessary and proper.

                                              Respectfully submitted,

/s/ Jeffrey A. Taylor
JEFFREY TAYLOR, D.C. Bar No. 498610
UNITED STATES ATTORNEY

/s/ William R. Cowden
WILLIAM R. COWDEN, D.C. Bar No. 426301
Assistant United States Attorney

/s/ Barry Wiegand
BARRY WIEGAND, D.C. Bar No. 424288
Assistant United States Attorney
Criminal Division, Asset Forfeiture Unit
555 Fourth Street, N.W., Fourth Floor
Washington, D.C. 20530
(202) 307-0299
William.B.Wiegand@USDoJ.Gov

## VERIFICATION

I, Jennifer N. Heddleston, a Special Agent of the Federal Bureau of Investigation, declare under penalty of perjury, pursuant to 28 U.S.C. § 1746, that the foregoing Verified Complaint for Forfeiture *In Rem* is based upon reports and information known to me and/or furnished to me by law enforcement agents and that everything represented herein is true and correct to the best of my knowledge and belief.

Executed on this 12th day of May 2008.

Jennifer N. Heddleston
Special Agent
Federal Bureau of Investigation

# CIVIL COVER SHEET

JS-44
(Rev.1/05 DC)

| I (a) PLAINTIFFS<br><br>United States of America, U.S. Atty's Office<br>(b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF 11001<br>(EXCEPT IN U.S. PLAINTIFF CASES) | DEFENDANTS Property Identified as Twenty Thousand Dollars in U.S. Currency seized from Safe Deposit box #71 @ Wachovia Bank branch#00223<br><br>COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT _____<br>(IN U.S. PLAINTIFF CASES ONLY)<br>NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT |
|---|---|
| (c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)<br>Barry Wiegand, AUSA<br>555 Fourth Street, N.W.<br>Washington, D.C. 20530 | AT Case: 1:08-cv-00812<br>Assigned To : Collyer, Rosemary M.<br>Assign. Date : 5/12/2008<br>Description: General Civil |

## II. BASIS OF JURISDICTION
(PLACE AN x IN ONE BOX ONLY)

[X] 1 U.S. Government Plaintiff
[ ] 3 Federal Question (U.S. Government Not a Party)
[ ] 2 U.S. Government Defendant
[ ] 4 Diversity (Indicate Citizenship of Parties in item III)

## III CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN x IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT) FOR DIVERSITY CASES ONLY!

|  | PTF | DFT |  | PTF | DFT |
|---|---|---|---|---|---|
| Citizen of this State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. CASE ASSIGNMENT AND NATURE OF SUIT
(Place a X in one category, A-N, that best represents your cause of action and one in a corresponding Nature of Suit)

| ☐ A. Antitrust | ☐ B. Personal Injury/ Malpractice | ☐ C. Administrative Agency Review | ☐ D. Temporary Restraining Order/Preliminary Injunction |
|---|---|---|---|
| ☐ 410 Antitrust | ☐ 310 Airplane<br>☐ 315 Airplane Product Liability<br>☐ 320 Assault, Libel & Slander<br>☐ 330 Federal Employers Liability<br>☐ 340 Marine<br>☐ 345 Marine Product Liability<br>☐ 350 Motor Vehicle<br>☐ 355 Motor Vehicle Product Liability<br>☐ 360 Other Personal Injury<br>☐ 362 Medical Malpractice<br>☐ 365 Product Liability<br>☐ 368 Asbestos Product Liability | ☐ 151 Medicare Act<br><br>Social Security:<br>☐ 861 HIA ((1395ff)<br>☐ 862 Black Lung (923)<br>☐ 863 DIWC/DIWW (405(g)<br>☐ 864 SSID Title XVI<br>☐ 865 RSI (405(g)<br><br>Other Statutes<br>☐ 891 Agricultural Acts<br>☐ 892 Economic Stabilization Act<br>☐ 893 Environmental Matters<br>☐ 894 Energy Allocation Act<br>☐ 890 Other Statutory Actions (If Administrative Agency is Involved) | Any nature of suit from any category may be selected for this category of case assignment.<br><br>*(If Antitrust, then A governs)* |

[X] E. General Civil (Other)   OR   ☐ F. Pro Se General Civil

| Real Property<br>☐ 210 Land Condemnation<br>☐ 220 Foreclosure<br>☐ 230 Rent, Lease & Ejectment<br>☐ 240 Torts to Land<br>☐ 245 Tort Product Liability<br>☐ 290 All Other Real Property<br><br>Personal Property<br>☐ 370 Other Fraud<br>☐ 371 Truth in Lending<br>☐ 380 Other Personal Property Damage<br>☐ 385 Property Damage Product Liability | Bankruptcy<br>☐ 422 Appeal 28 USC 158<br>☐ 423 Withdrawal 28 USC 157<br><br>Prisoner Petitions<br>☐ 535 Death Penalty<br>☐ 540 Mandamus & Other<br>☐ 550 Civil Rights<br>☐ 555 Prison Condition<br><br>Property Rights<br>☐ 820 Copyrights<br>☐ 830 Patent<br>☐ 840 Trademark<br><br>Federal Tax Suits<br>☐ 870 Taxes (US plaintiff or defendant<br>☐ 871 IRS-Third Party 26 USC 7609 | Forfeiture/Penalty<br>☐ 610 Agriculture<br>☐ 620 Other Food &Drug<br>[X] 625 Drug Related Seizure of Property 21 USC 881<br>☐ 630 Liquor Laws<br>☐ 640 RR & Truck<br>☐ 650 Airline Regs<br>☐ 660 Occupational Safety/Health<br>☐ 690 Other<br><br>Other Statutes<br>☐ 400 State Reapportionment<br>☐ 430 Banks & Banking<br>☐ 450 Commerce/ICC Rates/etc.<br>☐ 460 Deportation | ☐ 470 Racketeer Influenced & Corrupt Organizations<br>☐ 480 Consumer Credit<br>☐ 490 Cable/Satellite TV<br>☐ 810 Selective Service<br>☐ 850 Securities/Commodities/ Exchange<br>☐ 875 Customer Challenge 12 USC 3410<br>☐ 900 Appeal of fee determination under equal access to Justice<br>☐ 950 Constitutionality of State Statutes<br>☐ 890 Other Statutory Actions (if not administrative agency review or Privacy Act |

(1) WARRANT

| ☐ G. *Habeas Corpus/ 2255*<br>☐ 530 Habeas Corpus-General<br>☐ 510 Motion/Vacate Sentence | ☐ H. *Employment Discrimination*<br>☐ 442 Civil Rights-Employment (criteria: race, gender/sex, national origin, discrimination, disability age, religion, retaliation)<br><br>*(If pro se, select this deck)* | ☐ I. *FOIA/PRIVACY ACT*<br>☐ 895 Freedom of Information Act<br>☐ 890 Other Statutory Actions (if Privacy Act)<br><br>*(If pro se, select this deck)* | ☐ J. *Student Loan*<br>☐ 152 Recovery of Defaulted Student Loans (excluding veterans) |
|---|---|---|---|
| ☐ K. *Labor/ERISA (non-employment)*<br>☐ 710 Fair Labor Standards Act<br>☐ 720 Labor/Mgmt. Relations<br>☐ 730 Labor/Mgmt. Reporting & Disclosure Act<br>☐ 740 Labor Railway Act<br>☐ 790 Other Labor Litigation<br>☐ 791 Empl. Ret. Inc. Security Act | ☐ L. *Other Civil Rights (non-employment)*<br>☐ 441 Voting (if not Voting Rights Act)<br>☐ 443 Housing/Accommodations<br>☐ 444 Welfare<br>☐ 440 Other Civil Rights<br>☐ 445 American w/Disabilities-Employment<br>☐ 446 Americans w/Disabilities-Other | ☐ M. *Contract*<br>☐ 110 Insurance<br>☐ 120 Marine<br>☐ 130 Miller Act<br>☐ 140 Negotiable Instrument<br>☐ 150 Recovery of Overpayment & Enforcement of Judgment<br>☐ 153 Recovery of Overpayment of Veteran's Benefits<br>☐ 160 Stockholder's Suits<br>☐ 190 Other Contracts<br>☐ 195 Contract Product Liability<br>☐ 196 Franchise | ☐ N. *Three-Judge Court*<br>☐ 441 Civil Rights-Voting (if Voting Rights Act) |

**V. ORIGIN**
- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ Multi district Litigation
- ☐ 7 Appeal to District Judge from Mag. Judge

**VI. CAUSE OF ACTION** (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE.)
21 U.S.C. Section 981(a)(6)

**VII. REQUESTED IN COMPLAINT**   CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23 ☐   DEMAND $   Check YES only if demanded in complaint   JURY DEMAND: ☐ YES ☒ NO

**VIII. RELATED CASE(S) IF ANY**   (See instruction)   ☐ YES ☒ NO   If yes, please complete related case form.

DATE 5/12/2008   SIGNATURE OF ATTORNEY OF RECORD   *Barry Wiegand*

**INSTRUCTIONS FOR COMPLETING CIVIL COVER SHEET JS-44**
Authority for Civil Cover Sheet

The JS-44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. Listed below are tips for completing the civil cover sheet. These tips coincide with the Roman Numerals on the Cover Sheet.

I. COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF/DEFENDANT (b) County of residence: Use 11001 to indicate plaintiff is resident of Washington, D.C.; 88888 if plaintiff is resident of the United States but not of Washington, D.C., and 99999 if plaintiff is outside the United States.

III. CITIZENSHIP OF PRINCIPAL PARTIES: This section is completed only if diversity of citizenship was selected as the Basis of Jurisdiction under Section II.

IV. CASE ASSIGNMENT AND NATURE OF SUIT: The assignment of a judge to your case will depend on the category you select that best represents the primary cause of action found in your complaint. You may select only one category. You must also select one corresponding nature of suit found under the category of case.

VI. CAUSE OF ACTION: Cite the US Civil Statute under which you are filing and write a brief statement of the primary cause.

VIII. RELATED CASES, IF ANY: If you indicated that there is a related case, you must complete a related case form, which may be obtained from the Clerk's Office.

Because of the need for accurate and complete information, you should ensure the accuracy of the information provided prior to signing the form.